*In re* José Torres Ortiz, querellado.

*Número:* D-66-4        *Resuelto:* 7 de junio de 1966

*J. B. Fernández Badillo, Procurador General,* y *Manuel Tirado Viera, Procurador General Auxiliar,* abogados de El Pueblo; *P. Pagán Colón,* abogado del querellado.

PER CURIAM: Mediante nuestra Resolución de 17 de junio de 1965 impusimos al abogado-notario José Torres Ortiz una multa de $25.00 por haber remitido tardíamente al Secretario de este Tribunal la notificación de otorgamiento de escritura de protocolización de poder, Escritura Núm. 1 de 2 de enero de 1965, en violación de la Ley de Registro de Poderes, 4 L.P.R.A. sec. 922. Se le dio al querellado el amplio término de 30 días para hacer efectivo el pago de dicha multa.

Ya anteriormente el querellado había incurrido en dos violaciones de dicha ley al notificar tardíamente el otorgamiento de otras dos escrituras de protocolización de poder. Mediante nuestra resolución de 1ro. de mayo de 1963, en aquella ocasión anterior, no impusimos ninguna sanción al notario Torres Ortiz pero le prevenimos contra ulteriores inobservancias de la ley. Parece que nuestra lenidad fue interpretada como debilidad pues expiró el término de 30 días concedídole para pagar la mencionada multa que motivó su tercera falta y expiraron los meses de julio, agosto, septiembre, octubre y noviembre sin que el querellado hiciera efectiva la multa de $25.00.

Mediante nuestra orden de 20 de diciembre de 1965 requerimos del notario Torres Ortiz que dentro del término de 10 días mostrase causas por las cuales no debía ser disciplinado por su conducta de menosprecio a una orden de este Tribunal. La orden del Tribunal le fue notificada el 22 de diciembre del mismo año. Ya expirado el término de 10 días que se le dio en la orden para mostrar causa, el querellado radicó el 7 de enero de 1966 un escrito en el cual expresa las razones por las cuales cree que no se le debe disciplinar. En síntesis, expresa en su escrito que en junio de 1965 él le entregó la suma de $25.00 en efectivo a su secretaria para el pago de la multa y que no fue hasta el 24 de diciembre de ese año que él se enteró de que no se había enviado dicha suma al Tribunal.

Por no habernos satisfecho las razones expuestas por él en su escrito antes mencionado, trasladamos el asunto al Procurador General en 14 de enero de 1966 para que radicase la querella correspondiente contra el referido abogado.

El 1ro. de febrero de 1966 el Procurador General radicó la querella imputándole al querellado conducta ilegal e impropia de un abogado-notario al menospreciar y desobedecer una orden del Tribunal Supremo de Puerto Rico requiriéndole el pago de la antes mencionada multa, todo ello en violación de la Ley de Registro de Poderes, 4 L.P.R.A. secs. 921–927.

Contestó el querellado en 7 de marzo de 1966 negando el cargo único de la querella. Este Tribunal señaló el 18 de abril de 1966 para la vista del caso de desaforo seguido contra el querellado. Se celebró la vista el día antes mencionado, compareciendo el Procurador General y el querellado personalmente y asistido de abogado. Por el querellante declararon los testigos Sr. Joaquín Berríos, Secretario Interino del Tribunal Supremo, Sr. Ignacio Rivera y Lcdo. Rafael Buono Petrilli. Por el querellado declaró su secretaria, Ana Iris Fuentes, y presentó su propio testimonio.

La prueba del querellante confirmó los hecho que surgen de los autos: el querellado hizo la notificación tardía; se le impuso la multa; venció el plazo que se le dio para pagarla; en 2 de agosto de 1965 el entonces secretario de este Tribunal, Sr. Ignacio Rivera, se comunicó mediante una carta con el querellado instándolo a que pagase la multa; se hicieron varias llamadas telefónicas a su oficina; corrió el resto del año y el querellado no hizo efectiva la multa; y fue luego de recibir la orden para mostrar causas por las cuales no debía ser disciplinado que pagó la misma.

La prueba del querellado es una reiteración de lo que ya había informado en su escrito de 7 de enero de 1966: que él había dado los $25.00 a su secretaria; que a ésta se le olvidó traer o enviar dicha suma el Tribunal; que él creía que la

multa se había pagado y que no fue hasta el 24 de diciembre de 1965 que se enteró de que la multa no había sido pagada.

■ Luego de haber oído las cinco declaraciones de los cinco testigos y de haber examinado los documentos que obran en autos, concluimos que quedó probado el cargo imputádole al querellado en la querella. El gran menosprecio para con la orden de este Tribunal imponiéndole una multa de $25.00, a pesar de que anteriormente se le había prevenido formalmente mediante una Resolución de este Tribunal contra futuras violaciones de la misma naturaleza que motivó esta querella, es de tal grado que amerita acción disciplinaria, la cual le impondremos. Además, queremos censurar la actitud del querellado, la cual también demuestra menosprecio por su parte a la dignidad de este Tribunal, al haber traído aquí a su secretaria el día de la vista a prestar un testimonio bajo juramento que no mereció la credibilidad del Tribunal.

*Por las razones expuestas se suspenderá al querellado José Torres Ortiz del ejercicio de la profesión de abogado-notario por el término de un año a partir de la fecha en que nuestra sentencia le sea notificada.*

El Juez Presidente Señor Negrón Fernández al igual que el Juez Asociado Señor Santana Becerra no intervinieron.